Peter T. **CAMPANA**, Plaintiff,

v.

Malcolm **MUIR**, Defendant.

**Civ. A. No. 83–0310.**

United States District Court, M.D. Pennsylvania.

July 8, 1983.

Ambrose R. Campana of Campana & Campana, Williamsport, Pa., for plaintiff.

Gordon A.D. Zubrod, Asst. U.S. Atty., Scranton, Pa., for defendant.

**OPINION**

LATCHUM, Chief Judge.[1]

The plaintiff, Peter T. Campana, an attorney practicing in Williamsport, Pennsylvania, filed a complaint in this Court on

---

**1.** Chief Judge of the United States District Court for the District of Delaware sitting by designa-

tion pursuant to 28 U.S.C. § 292(b).

April 22, 1983, against the defendant, the Honorable Malcolm Muir, a United States District Judge for the Middle District of Pennsylvania.[2] The complaint, which seeks monetary damages in excess of $10,000, consists of two counts. Count I charges the defendant with malicious prosecution by causing the plaintiff to be charged for criminal contempt without probable cause. Count II charges that the defendant maliciously libeled him in an opinion, dated February 18, 1983, which was rendered by Judge Muir following the termination of criminal contempt proceedings against the plaintiff.

The defendant has moved to dismiss the complaint under Rule 12(b)(4), (5) and (6), Fed.R.Civ.P., for insufficiency of process, failure to accomplish personal service, and failure to state a claim upon which relief can be granted. Alternatively, defendant has moved for summary judgment in his favor.

Because the Court finds, based on the doctrine of judicial immunity, that the defendant is immune from any liability for damages on the claims asserted in this action, summary judgment will be entered in defendant's favor and the Court need not address defendant's Rule 12(b) motions.

## I. THE FACTS

The undisputed pertinent facts may be summarized as follows. The plaintiff is an attorney admitted to practice law in the Commonwealth of Pennsylvania and in this Court. (Compl., ¶ 4.) The defendant is Malcolm Muir, a United States District Judge of this Court. (*Id.*, ¶ 2.) On December 16, 1981, plaintiff commenced a civil action in this Court on behalf of Daniel

Bogart against the Borough of Berwick, Pennsylvania, and its Zoning Hearing Board, entitled *Bogart v. Dietterick*, C.A. No. 81–1431. (Compl., ¶ 5; Tr.Vol I, p. 18.)[3]

On November 12, 1982, Judge Muir, to whom the *Bogart* case was assigned, by a Court Order directed the plaintiff as Bogart's only attorney of record to attend a settlement conference on December 1, 1982 at 3:25 p.m., and to confer with opposing counsel prior to the settlement conference in a good faith effort to settle the *Bogart* case. (Compl., ¶ 12; Tr. Vol. I, pp. 18–23.) Plaintiff did not attend that December 1 conference and instead sent Charles L. Knight, Esq., as co-counsel who had not previously entered his appearance. (Compl., ¶¶ 13 & 14; Tr. Vol. I, p. 132.) With respect to plaintiff making a good faith effort to confer with opposing counsel regarding settlement between November 12 and December 1, 1982, plaintiff admitted that he neither conferred with opposing counsel (although he attempted twice unsuccessfully to return opposing counsel's telephone calls), nor did he direct Mr. Knight to do so. (Compl., ¶ 15; Tr.Vol.II, pp. 75–78.)

On January 11, 1983, the United States attorney at the direction of Judge Muir moved for a rule to show cause upon plaintiff why he should not be held in criminal contempt for violating the November 12 order by failing to attend the settlement conference on December 1, 1982, and to confer prior thereto with opposing counsel in a good faith attempt to settle the case. (Compl., ¶¶ 17 & 18.) On January 19, 1983, the Court granted the show cause rule

---

**2.** Plaintiff initially commenced this action on February 23, 1983, by filing in the Court of Common Pleas of Lycoming County, Pennsylvania (C.A. No. 83–363), a Summons in Trespass against Judge Muir and at the same time filed a notice to take Judge Muir's deposition on May 2, 1983. The deposition notice stated in substance that the cause of action was based upon alleged libelous statements contained in an Opinion dated February 18, 1983, which was authored by the defendant in his capacity as a United States Judge of the Middle District and entered in a criminal contempt proceedings in that Court

against the plaintiff. Before any complaint was filed in the Court of Common Pleas, the action was removed to this Court pursuant to 28 U.S.C. § 1442. With plaintiff's agreement, this Court on April 13, 1983, stayed all discovery procedures including the taking of defendant's deposition on May 2, 1983.

**3.** "Tr." refers to the Contempt Proceedings Transcript "In Re: Contempt Proceedings against Peter T. Campana, Misc. No. 83–13 (M.D.Pa.)."

upon plaintiff, required him to answer by February 3, 1983, and set the hearing to commence on February 4, 1983.

On January 24, 1983, plaintiff filed a petition and a supporting affidavit requesting Judge Muir to disqualify himself from presiding in the contempt proceedings. (Compl., ¶ 20.) Plaintiff's supporting affidavit averred, as the basis for Judge Muir's recusal, "The Court has contact with the undersigned in connection with the facts and events which gave rise to the contempt proceeding." (Tr.Vol. II, p. 83.) The Court, knowing he had had no contact with plaintiff, denied the recusal motion. (Compl., ¶ 22.)

The criminal contempt hearing took place on February 4th and 9th, 1983. (Tr.Vol. I, pp. 1–175; Vol. II, pp. 1–133.)

Following the contempt hearing, Judge Muir on February 18, 1983, filed an Opinion setting forth his findings of fact and conclusions of law. (Def. Opening Br., Ex.B.) Because Judge Muir could "not conclude beyond a reasonable doubt that Campana actually intended to violate this Court's November 12, 1983, Order," the Court discharged the rule. (*Id.* at 4.) However, Judge Muir did find plaintiff to be negligent and criticized the manner in which he practiced law in this Court. (*Id.* at 4 & 5.) The particular statements contained in the Opinion which the plaintiff contends were maliciously and falsely made read as follows:

> On January 24, 1983, Campana filed a petition for the recusal of the undersigned. The motion had no valid basis either in fact or in law and was supported solely by a false affidavit of Campana and a highly questionable certification of Campana's counsel that Campana had filed the affidavit in good faith.

*Id.* at 4.

\*      \*      \*      \*      \*      \*

Neither the interests of the judicial system nor of the parties are properly served when counsel for one of the parties practices law in the manner which Campana has demonstrated in this case and in several other criminal and civil cases in which Campana has appeared before the undersigned. As is particularly obvious in this case, Campana does the absolute minimum amount of work required and no more. Indeed, sometimes, as was the case with the Court's November 12, 1982, Order, Campana does even less than what is mandatory.

*Id.* at 5.

\*      \*      \*      \*      \*      \*

Campana's behavior in this case demonstrates a disregard for the interests of his client, opposing counsel, the Court, and the judicial system. Campana's conduct has fallen far below the proper standard of care for attorneys practicing before the undersigned.

*Id.* at 10.

\*      \*      \*      \*      \*      \*

Campana is put on notice that suspension and imposition of costs, together with further contempt citations may result if the manner in which Campana practices law before this Court continues.

*Id.* at 11.

## II. DISCUSSION

Assuming for the purposes of the present motion that the allegations of the complaint are true,[4] the Court finds as a matter of law that this action is barred by the doctrine of judicial immunity. This doctrine, which has its roots in common law, became firmly established in the federal system in 1872 when the Supreme Court decided *Bradley v. Fisher*, 13 Wall 335, 20 L.Ed. 646 (1872). In that case a lawyer, whose name had been stricken from the roll of attorneys of the Criminal Court of

---

**4.** Because the Court is assuming that the allegations of the complaint are true, it should not be understood that this would be this Court's independent determination if it were necessary to make such a decision. Indeed, based on the underlying criminal contempt record, this Court would have to hold that the statements that plaintiff complained of were neither untrue nor maliciously motivated and that the criticism of plaintiff was entirely justified.

the District of Columbia for threatening personal chastisement to the presiding judge in a criminal action, brought suit against the judge for civil damages. The Supreme Court held that it was "a general principle of the highest importance to the administration of justice that a judicial officer, in exercising the authority invested in him [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Bradley v. Fisher, supra,* at 347. For that reason the Court held that "judges of courts of superior and general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." 13 Wall at 351.

Further, in holding that a judge is immune for his judicial acts, even when such acts were performed in excess of his jurisdiction, the Court in *Bradley* stated:

A distinction must be here observed between excess of jurisdiction and the clear absence of all jurisdiction over the subject-matter. Where there is clearly no jurisdiction over the subject-matter any authority exercised is a usurped authority, and for the exercise of such authority, when the want of jurisdiction is known to the judge, no excuse is permissible. But where jurisdiction over the subject-matter is invested by law in the judge, or in the court which he holds, the manner and extent in which the jurisdiction shall be exercised are generally as much questions for his determination as any other questions involved in the case, although upon the correctness of his determination in these particulars the validity of his judgments may depend.

*Id.* at 351–52.

Furthermore, in *Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978), the Supreme Court reaffirmed the principles of the *Bradley* case and set the standard for determining jurisdiction as follows:

[T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge. A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the "clear absence of all jurisdiction."

349 U.S. at 356–57, 98 S.Ct. at 1105, 55 L.Ed.2d 331.

In the present case, there is no question that Judge Muir, as a United States District Judge of this Court, had subject matter jurisdiction over criminal contempts as provided in 18 U.S.C. § 401 which reads in pertinent part:

A court of the United States shall have the power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as—

\* \* \* \* \* \*

(3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

In addition, under the provisions of Rule 42(b), Fed.R.Crim.P., all that is necessary to institute a criminal contempt proceeding is to give notice of the time and date of the hearing, allow a reasonable time for the preparation of a defense, and state the essential facts constituting the contempt. The notice may be given orally by the judge in open court in the presence of the defendant or, on application of the United States Attorney or of an attorney appointed by the Court for that purpose, by an order to show cause or an order of arrest. While the Court may direct the United States Attorney or appoint an attorney to file a contempt motion, the judge nevertheless retains the power to draw the notice on his own. This was the holding in *In re Fletcher,* 216 F.2d 915, 917 (4th Cir.1954), *cert. denied,* 348 U.S. 931, 75 S.Ct. 347, 99 L.Ed. 730 (1955), where the Court stated:

The fact that the judge drew the order to show cause upon his own motion rather than upon the application of the United States Attorney or an attorney appointed by the court for the purpose is immaterial. The power of a court of the United States to punish by fine or imprisonment

such contempt of its authority as disobedience of its lawful orders or commands is clearly defined in 18 U.S.C. § 401. It becomes the duty of the judge to take affirmative action when the lawful commands of the court are defied; and it was not the purpose of Rule 42(b) to limit the authority of the judge or to make the institution of a contempt proceeding contingent upon the consent of any attorney, but rather to aid the judge by providing for the prosecution of the charge by an attorney rather than by the court.

This Court therefore concludes, as a matter of law, that Judge Muir was acting within the scope of his jurisdiction and was performing a judicial function when he directed the United States Attorney to move for a rule to show cause against plaintiff, when he held the contempt hearing and when he issued his opinion stating his findings and conclusions following the hearing. This being so, the doctrine of judicial immunity applies and the plaintiff is barred from recovery of damages against the defendant in this action. Consequently, summary judgment will be entered in defendant's favor and an order to this effect will be entered.