786 F.2d 188
 Peter T. CAMPANA
v.
Hon. Malcolm MUIR, United States District Judge for the
Middle District of Pennsylvania
Appeal of Peter T. CAMPANA and Ambrose R. Campana, his attorney.
 No. 85-5574.
 United States Court of Appeals,
Third Circuit.
 Submitted Under Third Circuit
Rule 12(6) March 6, 1986.
Decided March 19, 1986.
 
 Peter T. Campana, Ambrose R. Campana, Campana & Campana, Williamsport, Pa., for appellant.
 James T. West, U.S. Atty., Gordon A.D. Zubrod, Asst. U.S. Atty., Harrisburg, Pa., for appellee.
 Before GIBBONS, BECKER and ROSENN, Circuit Judges.
 OPINION OF THE COURT
 GIBBONS, Circuit Judge:
 
 
 1
 This appeal presents two questions: (1) whether the United States can recover attorneys fees and costs when the United States provides a defense for a federal official sued individually for activities in the course of the official's federal employment? and (2) if so, was an award of attorneys fees and costs against a litigant and his attorney appropriate in this case? The initial question is one of first impression in this court, while the second question involves the application of settled legal principles to the facts before us. The district court answered both questions affirmatively and ordered the payment of $4,130.00 in attorneys fees. We affirm.
 
 I.
 
 2
 In February 1983 the United States District Court, with Judge Malcolm Muir presiding, adjudicated a criminal contempt proceeding against Peter T. Campana, Esq. for his failure to comply with scheduling orders in a pending civil case. The proceeding resulted in a finding that Peter T. Campana was not guilty of criminal contempt. The opinion disposing of the criminal contempt proceedings, however, contained unflattering references to Peter T. Campana's professional performance. The unflattering references were printed in the Williamsport Sun Gazette, a newspaper that circulates in the area in which Campana practices.
 
 
 3
 The day after the newspaper published the quotation from Judge Muir's opinion Peter T. Campana, represented by Ambrose R. Campana, Esq., commenced a libel action against Judge Muir in the Court of Common Pleas of Lycoming County by issuing a writ of summons. Shortly thereafter the United States Attorney's Office undertook the defense of the libel action. An Assistant United States Attorney informed Ambrose R. Campana that Judge Muir would raise the defense of absolute judicial immunity. Ambrose R. Campana acknowledged awareness of that defense, but responded that he thought Judge Muir would waive it and fight the libel case on the merits.
 
 
 4
 The Common Pleas Court action was removed to federal district court pursuant to 28 U.S.C. Sec. 1442 (1982) on March 8, 1983. Apparently the practice in Common Pleas did not require filing of the complaint at the commencement of the suit, for on April 22, 1983 a two-count complaint for libel and malicious prosecution was filed in the district court. By then it was clear that Judge Muir intended to rely on absolute judicial immunity. An Assistant United States Attorney had so informed Ambrose R. Campana. The United States Attorney's Office had also made Judge Muir's intention clear in motions for protective orders with respect to attempts by the Campanas to depose Judge Muir in the libel action against him, and in a separate libel action against the Williamsport Sun Gazette. The undisputed evidence is that the Campanas persisted in prosecuting the action in hopes of inducing Judge Muir to waive what they both knew was an unqualified immunity defense.
 
 
 5
 On May 11, 1983 the United States Attorney filed, on Judge Muir's behalf, a motion to dismiss, or for summary judgment, on immunity grounds. In resisting that motion the Campanas argued that
 
 
 6
 [t]he last part, IV of Defendant's argument, is to say the least, ludicrous. The Defendant desires this case to be dismissed on the grounds of judicial immunity. Yet, he admonishes all who read it that it is not an admission that his statements weren't true. The Defendant would have his cake and eat it too. He importunes the reader that his assertions in his eleven page Opinion are true. Why, then, does he not desire to put them to a jury.
 
 
 7
 (Docket Item # 20). Thus in face of a pleading that unequivocally asserted a defense to which they had no legal rejoinder the Campanas persisted in their effort to induce Judge Muir to waive his absolute immunity.
 
 
 8
 On July 11, 1983 the district judge to whom the case was assigned granted summary judgment in favor of Judge Muir on immunity grounds. In the course of the opinion granting summary judgment the court noted that Judge Muir's comments about Peter T. Campana in the contempt opinion were neither untrue nor maliciously motivated, but were entirely justified. The Campanas moved to have these comments stricken from the opinion and, when that motion was denied, appealed unsuccessfully to this court. See Campana v. Muir, 738 F.2d 420 (3d Cir.1984) (memorandum opinion), aff'g, 585 F.Supp. 33 (1983). In connection with the appeal to the Third Circuit the Campanas refused to include in the appendix any of the appellee's designations. As a result, the United States filed a Petition for Permission to File a supplemental appendix, and the supplemental appendix was filed.
 
 
 9
 After the Third Circuit affirmed the order denying the Campanas' motion to modify the summary judgment opinion, the United States Attorney filed a motion for fees and costs under 28 U.S.C. Sec. 1927 (1982) and pursuant to the inherent powers of the court to award fees for bad faith and vexatious litigation. The United States Attorney supported the application with proof of the number of hours worked, and of the reasonableness of a rate of $100 an hour for attorney time. The Campanas did not contest either the number of hours expended or the reasonableness of the hourly rate. An evidentiary hearing was held, in which both Campanas conceded that they were at all times aware of the applicability of the defense of absolute immunity. Their explanation for persisting in the action was the stated belief that the defense would not be raised, or would be waived. The only basis for such a belief, if it was sincerely held, was the hope that they could use the lawsuit, and their out-of-court statements, to induce Judge Muir to waive the defense.
 
 
 10
 The district court found that "[i]n reviewing the entire record it is clear that both P. Campana and A. Campana were motivated by vindictiveness in the filing and prosecution of this case." Campana v. Muir, 615 F.Supp. 871, 878 (M.D.Pa.1985). The court also found that they had by unyielding and inflexible positions unnecessarily multiplied the proceedings, id. at 879-80, and increased the cost, id. at 880. Finally the court found that Peter T. Campana, the client in the libel suit, and Ambrose R. Campana, the representing attorney, shared equal responsibility. Id. at 882. Thus the fee award was made against them jointly and severally. Id. The court relied both upon its inherent power to assess fees for bad faith in bringing and prosecuting the lawsuit and on the statutory authority conferred by 28 U.S.C. Sec. 1927 (1982).
 
 II.
 
 11
 The Campanas maintain that there is no legal justification for an award of counsel fees in favor of the United States in instances where, as here, it undertakes to represent a federal employee in his individual capacity. They reason that, because the party to the action has not incurred any expense, no award is proper.
 
 
 12
 We disagree. Unlike the situation in some states,[1] the federal government has not, except in the Federal Drivers Act,[2] undertaken to indemnify federal employees in suits for liability in tort arising out of the performance of their duties. The Justice Department does, however, as a matter of discretion undertake the defense of such actions at no expense to the employees in most cases. See 28 C.F.R. Sec. 50.15 (1985). The fact that defense services are provided voluntarily rather than as a matter of statutory obligation or contract has no significance. Providing such defense obviously is for the purpose of encouraging federal service by persons who would otherwise be discouraged from it because of the prospect of having to pay for a legal defense. Thus in an economic sense the United States is in the same position as an insurer who has undertaken by contract to provide defense services. The fact that an insurance company is defending a lawsuit is no reason for relieving the party who brought it from the obligation of paying costs and fees otherwise properly assessed.
 
 
 13
 The only case addressing the issue that the parties have called to our attention is Moon v. Smith, 523 F.Supp. 1332 (E.D.Va.1981), in which the court awarded fees to the United States. The Campanas urge that Moon v. Smith is distinguishable because the underlying action was for an alleged violation of the Constitution, while their suit is a state law tort action. That distinction has no relevance to the availability of a fee award. The role of the United States in providing defense services to its employees sued for activities undertaken in the course of their employment is the same regardless of the source of law of the underlying claim. We conclude, therefore, as did the court in Moon v. Smith, that, if otherwise appropriate, a fee award can be made in cases in which the United States provides defense services to its employees sued for activities undertaken in the course of their employment.
 
 III.
 
 14
 As to the appropriateness of an award in this case there is no question. The Campanas filed the action knowing that it was subject to the unqualified defense of judicial immunity. They persisted in prosecuting it after they knew the defense would be pleaded. The district court's findings that the Campanas multiplied proceedings, litigated in an unreasonable and vexatious manner, and caused increased costs are amply supported by the record made in the fee hearing. Particularly telling are the supported findings that they attempted to depose Judge Muir and review his handwritten or typewritten notes well after they were aware that he had claimed judicial immunity, that they took an appeal that lacked merit, and that they refused to cooperate with the United States Attorney with respect to the content of an appendix in that appeal. Indeed once it was clear that the defense of judicial immunity would be raised all subsequent proceedings were without any legal justification.
 
 IV.
 
 15
 The judgment awarding attorneys fees to the United States in the amount of $4,130.00 against the party Peter T. Campana and his attorney, Ambrose R. Campana, jointly and severally, will be affirmed.
 
 
 
 [1]
 See, e.g., N.J. Stat. Ann. 59:10-1 (West 1982) (New Jersey Tort Claims Act)
 
 
 [2]
 28 U.S.C. Sec. 2679(b)-(e) (1982). The Justice Department has proposed legislation that would broaden the indemnification obligation of the United States. See 1 C.F.R. Sec. 305.82-6 (1985)