827 F.2d 769
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert J. AFFELDT, Plaintiff-Appellant,
v.
Magistrate James G. CARR, Defendant-Appellee.
 Nos. 86-3831, 86-3874
 United States Court of Appeals, Sixth Circuit.
 August 24, 1987.
 
 On Appeal from the United States District Court for the Northern District of Ohio.
 Before CORNELIA G. KENNEDY, WELLFORD and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant, an attorney, appeals the District Court's order imposing sanctions against him pursuant to Rule 11 of the Federal Rules of Civil Procedure. The court awarded Magistrate Carr ('appellee') sanctions after dismissing appellant's complaint for injunctive and monetary relief against appellee pursuant to Rule 12(b)(6). We affirm.
 
 
 2
 Appellee was assigned, pursuant to appellant's request, to consider discovery and non-dispositive matters in a racial discrimination in employment class action. Appellee presided at a hearing on September 19, 1983 concerning the financial arrangement between the named plaintiffs[1] in that class action and appellant. Following this hearing, appellee issued an order requiring the parties to address the issue of appellant's adequacy as class counsel in light of the evidence at the hearing. Appellee then issue a Report and Recommendation setting forth his findings of fact and conclusions of law. He found, inter alia, that prior to the time of the class action plaintiffs undertook to serve as class representatives, appellant failed to inform them of the costs of bringing suit, failed to explain the meaning of the word 'costs,' failed to respond adequately to the named plaintiffs' requests for itemization and verification of costs, had brought suit in state court against the former class representatives to recover costs he had incurred, and had failed to inform appellee in a timely manner about the nature of the state court dispute between himself and the class action plaintiffs. Appellee concluded that appellant should be disqualified as counsel for the class, should be directed to make available to the named and successor plaintiffs all files, documents, and other materials relating to the case, that some class representatives should be removed, and that appellant's motion to designate Jane Kyser and Grace Kyser Belgili as representatives of the class be granted upon the condition that counsel independent from appellant represent the class. The district court adopted this Report and Recommendation and entered the recommended order.
 
 
 3
 The defendant in the class action then filed a motion to deny class certification on the grounds that successor counsel obtained by the named plaintiffs were not independent of appellant. While this motion was pending, appellee requested information relating to the state court suit filed by appellant against the former class representatives. This information was necessary because it became apparent that the successor class counsel represented appellant in this state court action. Appellee then found that the named plaintiffs permitted appellant to play a substantial role in the selection of successor counsel and appellant assisted successor counsel in the preparation of the class action suit. He also found that appellant had transferred a number of class action discrimination cases to successor counsel in which appellant remained of counsel and appeared at pretrial conferences. Successor counsel acknowledged a lack of experience in Title VII lawsuits, class action and federal court litigation, and that they would look to appellant for the principal and primary source of instruction, guidance and direction. In view of this close relationship, the magistrate concluded that successor counsel were not in fact independent. Additionally, appellee found that successor counsel employed appellant's former paralegal who had worked on the case with appellant a substantial amount of time. Consequently, appellee recommended to the district court that the named plaintiffs had failed to comply with the court's mandate to seek independent counsel and that the class action should not be certified. The district court adopted this Report and Recommendation.
 
 
 4
 Appellant filed a class action against appellee alleging that appellee, without notice or an evidentiary hearing, recommended the disqualification of appellant as a class attorney and contended that appellee's recommendation that the class representatives seek other counsel independent of appellant constituted a 'gag order.' Appellant also contended that appellee entered into a conspiracy with three Toledo law firms to recommend dismissal of all class action lawsuits in which appellant was counsel or of counsel. Appellant further contended that these suits were dismissed without a hearing and that appellee adopted arguments wholesale from appellant's opponents. Additionally, appellant contended that appellee associated with members of the firms who opposed appellant in several class action cases, and that appellee called upon these firms to conduct an investigation into appellant's legal and personal activities.[2] Appellant also contended that appellee's denial of class certification without a hearing interfered with the class members' constitutional right to an impartial tribunal. Finally, appellant contended that appellee knowingly deprived appellant and other class members of their constitutional rights and 'carried out such policy with a malicious intent to cause a deprivation of fundamental constitutional rights.' Appellant sought $6,000,000 in damages and injunctive relief.
 
 
 5
 On October 2, 1985, the District Court granted appellee's motion to dismiss with prejudice for failure to state a claim under Fed. R. Civ. P. 12(b)(6), and subsequently issued an Order setting forth its findings in the case. Affeldt v. Carr, 628 F. Supp. 1097 (N.D. Ohio 1985). The court examined each of the allegedly invalid acts of appellee and concluded that appellee was entitled to judicial immunity since he had subject matter jurisdiction to issue such orders and these orders were judicial acts. In regard to the claim that appellee acted in a prosecutorial fashion, the court examined appellee's orders and found that appellee did not order any investigation. Appellee was considering the class action defendant's motion to disqualify appellant and merely asked it to supplement the record to support its motion. The District Court noted that such requests to supplement the record assist the court in rendering an informed decision and are not in the nature of orders for an independent investigation. With respect to appellant's request for injunctive and declaratory relief, the court concluded that appellant failed to demonstrate any threat of irreparable harm or injury.[3] Additionally, the court concluded that appellant did not establish that he had an inadequate remedy at law inasmuch as appellant could have sought either a direct appeal from the orders or appellee's recusal or disqualification.
 
 
 6
 On January 24, 1986, the District Court held a hearing to consider appellee's motion for sanctions against appellant pursuant to Rule 11 and its inherent powers to prevent bad-faith abuse of the judicial process. On April 24, 1986, the court issued an Order granting this request and denied appellant's request for sanctions under Rule 11. Affeldt v. Carr, 111 F.R.D. 337 (N.D. Ohio 1986). Considering the entire record, the court concluded that appellant failed to make a reasonable inquiry into the factual and legal basis of his claims before initiating his suit against appellee as required by the Rule, that the suit was frivolous, and resulted in substantial delay and prejudice to the parties. With respect to the portion of the complaint seeking relief due to appellee's recommendation that appellant be removed as class counsel and that independent counsel be sought, the court found that these were clearly judicial acts authorized by Rule 23 of the Federal Rules of Civil Procedure. With respect to the conspiracy claim, the court noted that the law is well-established that a judge is entitled to immunity even if he or she acts with partiality, malice, or in a corrupt fashion. Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 348 (1871). The court also noted that appellant, without any basis in law or fact, sought to deny the District Court's power pursuant to Rule 23(a)(4) to declare certain individuals unacceptable representatives of certain classes of litigants. The court also concluded that appellant filed the action for improper purposes--to interfere with the resolution of certain cases and to obtain something that appellant was denied through normal procedures such as a motion for recusal. Finally, the court found that appellant had ample opportunity to be heard before appellee made his recommendation to the District Court; thus, his allegations that he was denied a hearing before appellee took certain actions were not well-grounded in fact or law.[4] The District Court later awarded appellee $14,249 in legal fees and $43.05 in costs. The instant appeal is solely from that award.[5]
 
 
 7
 On appeal appellant contends that the doctrine of judicial immunity is not clearly established and therefore the court should not have awarded sanctions under Rule 11. With respect to the conspiracy and prosecutorial claims, appellant contends that he could have provided additional facts in an amended complaint to support these allegations and the court erred in dismissing his complaint with prejudice. With respect to his claims for injunctive relief, appellant contends that the court erred in three respects. First, appellant contends that the court's order was inconsistent: the judge concluded that the doctrine of judicial immunity did not apply to claims for injunctive relief against a judicial officer but dismissed this aspect of the complaint because appellee's acts were protected by this doctrine. Second, appellant contends that the court misunderstood the portion of his complaint dealing with the alleged gag order. Appellant argues that the order applied to speech and association taking place during judicial proceedings and in the future. Appellant further contends that the District Court erroneously viewed the complaint as not challenging the order with respect to its effect on future speech and association, but only on the actual proceedings. Appellant thus views the order as an invalid prior restraint, restricting speech in advance of publication.[6] Finally, appellant argues that the doctrine enunciated in Pulliam v. Allen, 466 U.S. 522 (1984), applies to United States magistrates thus making the doctrine of judicial immunity inapplicable to a request for injunctive relief.
 
 
 8
 Appellant also contends that the court's conclusion that he had an opportunity to respond to the charges resulting in his disqualification and the alleged gag order was clearly erroneous. First, appellant contends that the trestimony during the September 19 hearing was limited to the removal of the three class representatives, and appellee ordered appellant not to make any attempt to defend himself or his conduct as class counsel.[7] Although appellee permitted the parties to brief the issue of appellant's disqualification after the hearing, appellant contends that this was an insufficient opportunity to respond to these charges. Appellant contends that appellee and the District Court should have allowed him to confront and cross-examine the three accusers whose testimony resulted in appellant's disqualification and the order for independent successor counsel during the September hearing. Appellant also contends that the court, before imposing Rule 11 sanctions, prohibited him from demonstrating that his complaint had a factual and legal foundation. Additionally, appellant contends that the court improperly imposed sanctions because it had no 'independent or direct evidence of bad faith,' but simply concluded that appellant possessed bad faith because he lacked a factual or legal foundation for filing his complaint.
 
 
 9
 Appellant, relying on this Court's decision in Northcross v. Board of Education, 611 F.2d 624 (6th Cir. 1979), cert. denied, 447 U.S. 911 (1980), also contends that the court erred in denying him an evidentiary hearing on the reasonableness of attorney fees and costs and awarding such fees and costs without supportable facts or documentary evidence. He argues that appellee could not be awarded attorney fees because he was sued in his official capacity. Finally, appellant contends that the District Judge should have recused himself from this case because of bias. According to appellant, at the January 29, 1986 hearing the judge made comments indicating that he was going to find for appellee and comments regarding the autonomy and supremacy of federal judges. Appellant further contends that the following are evidence of the District Judge's bias: he adopted appellee's arguments with respect to several issues; he denied appellant's motion for discovery and/or an evidentiary hearing with respect to the reasonableness of attorney fees; and he denied appellant's request to discover the role of appellee's attorney as a consultant to the court in another matter.
 
 Rule 11 provides in pertinent part:
 
 10
 Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. . . . The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after a reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
 
 
 11
 Fed. R. Civ. P. 11. The purpose of this Rule is to require '[g]reater attention by the district courts to pleading and motion abuses and . . . [to] impos[e] . . . sanctions when appropriate, . . . discourage . . . abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses.' Advisory Committee Note, Fed. R. Civ. P. 11. The Rule is also 'intended to reduce the reluctance of courts to impose sanctions . . . by emphasizing the responsibilities of the attorney.' Id.
 
 
 12
 Under Rule 11, sanctions may be imposed if a reasonable inquiry discloses the pleading, motion, or paper is (1) not well grounded in fact, (2) not warranted by existing law or good faith argument for the extension, modification, or reversal of existing law, or (3) interposed for any improper purpose such as harassment or delay. INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc., 815 F.2d 391 (6th Cir. 1987); Westmoreland v. CBS, Inc., 770 F.2d 1168, 1174 (D.C. Cir. 1985). The standard used in evaluating an alleged Rule 11 violation is an objective one. INVST Fin. Group, 815 F.2d at 401; Albright v. Upjohn Co. 788 F.2d 1217, 1221 (6th Cir. 1986). Although Rule 11 sanctions are mandatory once the trial court finds a violation, the court has considerable discretion in selecting the type of sanction once a violation is found. Albright, 788 F.2d at 1221-22. A trial court's decision whether the pleading, motion, or paper is legally sufficient receives de novo review inasmuch as it involves a question of law. Westmoreland, 770 F.2d at 1175.
 
 
 13
 The District Court found that appellant violated all three provisions of Rule 11. Appellee correctly notes that any one of the findings would be sufficient to impose sanctions. The District Court correctly determined that appellant's complaint was not 'warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law . . ..' 111 F.R.D. at 340-41. Appellee's recommendation that appellant be disqualified as a class attorney in the discrimination action and that the class representatives seek independent counsel were clearly judicial acts protected by the doctrine of judicial immunity. Similarly, appellee's appeged prosecutorial and conspiratorial acts were also protected by this doctrine. As this Court has noted, 'No immunity doctrine affecting persons is more strongly established than that of judicial immunity.' Kurz v. Michigan, 548 F.2d 172, 174 (6th Cir.), cert. denied, 434 U.S. 972 (1977).[8] Furthermore, even if appellee failed to give appellant an opportunity to challenge the disqualification recommendation, this act is also protected by the doctrine of judicial immunity. All of appellee's reports and recommendations were reviewed by the district court.
 
 
 14
 Appellant contends that appellee ordered him not to 'contact' or 'associate' with the parties in the discrimination case and that this constituted a prior restraint resulting in appellant having to 'leave the State of Ohio and the City of Toledo . . ..' Although the Supreme Court in Pulliam held that the doctrine of judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity, Pulliam, 466 U.S. at 541-42, the Pulliam decision does not apply in the present case. The magistrate did not order appellant not to contact or associate with the parties in the class action case. He could continue to represent individual plaintiffs; he could advise them regarding the selection of new counsel. Appellee's recommendation to the court was that it should order the class representatives to seek independent successor counsel. Appellee later found that the successor counsel in that case were not independent from appellant. That finding was amply supported by the record. This order was thus not a prior restraint or a gag order; it was merely a recommendation that successor counsel were too closely associated with appellant to be seen as independent; their appointment did not comply with the previous court order requiring the class representatives to seek independent counsel.
 
 
 15
 Appellant also contends that the District Court failed to follow adequate procedures before imposing sanctions. This contention is also without merit. Appellant responded to appellee's motion for sanctions and filed his own motion for sanctions. The District Court held a hearing to consider these motions. Although this proceeding was not an evidentiary hearing, neither Rule 11 or due process requires such a hearing. Oliveri v. Thompson, 803 F.2d 1265, 1280 (2d Cir. 1986), cert. denied, 107 S. Ct. 1373 (1987); McLaughlin v. Bradlee, 803 F.2d 1197, 1205 (D.C. Cir. 1986). The District Judge had presided over the case, and it is apparent that there was a full and clear basis upon which he could determine, without an evidentiary hearing, whether sanctions were appropriate because appellant's complaint was not warranted by existing law or a good faith argument for changing existing law.
 
 
 16
 Appellant's final alleged errors are also without merit. First, the District Court correctly found no basis for granting appellant's motion for sanctions. Second, the award of attorney fees for appellee was proper even though he is a United States Magistrate. Campana v. Muir, 786 F.2d 188, 191 (3d Cir. 1986). Finally, although appellant contends that the District Judge should have recused himself from the case, appellant did not comply with the requirements of 28 U.S.C. Sec. 144 (1982). Additionally, none of appellant's claims of bias support a finding of partiality requiring disqualification in the absence of a party complaint under 28 U.S.C. Sec. 455.
 
 
 17
 Accordingly, the judgment of the District Court is AFFIRMED.
 
 
 
 [1]
 Appellant brought claims on behalf of Jane Kyser and Grace Kyser Belgili both individually and as would-be class representatives. No August 5, 1983, appellant filed motions to withdraw as counsel for Dorothy Sharp, Ellen Clark, Rebecca Welch, and Valerie Wright and to remove these individuals as class representatives. Appellant later filed suit in state court against Sharp, Clark, and Welch to recover fees and costs incurred as a result of the class action
 
 
 [2]
 Appellant contends that appellee's orders requiring the defendant in the class action to submit additional materials with respect to its motion to disqualify successor counsel and the order requiring appellant to submit materials relating to the action filed by appellant against the former class representatives were improper
 
 
 [3]
 The court, relying on Pulliam v. Allen, 466 U.S. 522 (1984), recognized that judicial immunity is not a bar to prospective relief against a judicial officer acting in a judicial capacity
 
 
 [4]
 The court noted that appellee held a hearing on September 19 and 20, 1983, and that appellant could have submitted written pleadings to appellee following this hearing
 
 
 [5]
 Appellant did not file a timely appeal from the District Court's 12(b)(6) dismissal. Thus, this Court's review is limited to the question of whether the court erred in awarding sanctions under Rule 11
 
 
 [6]
 Appellant further contends that the disqualification order was unappealable and that it was impossible for him to move for appellee's recusal because appellant was not the attorney of record in any case
 
 
 [7]
 At this hearing, appellee considered the motion made by appellant in the class action discrimination case to remove three initial class representatives
 
 
 [8]
 The doctrine of judicial immunity clearly applies in this case because appellee did not act in the clear absence of jurisdiction, his act were normally performed by a judge, and the parties dealt with appellee in a judicial capacity. Stump v. Sparkman, 435 U.S. 349, 359 (1978)