**Jose M. FONT, M.D., Plaintiff,**

v.

**Benigno DAPENA YORDAN, Cordero Rabell, Hilda Albandoz, President of the Supreme Court of Puerto Rico, Domingo Rios, Doel Vazquez, Federico Albandoz, Irma Rodriguez, Berta Mainardi, Commonwealth of Puerto Rico, Through Secretary of Justice of Puerto Rico, Defendants.**

**Civ. No. 90–2226 (JP).**

United States District Court,
D. Puerto Rico.

April 25, 1991.

José M. Font, pro se.

Engadi Charneco Barreto, Dept. of Justice, San Juan, P.R., for Dapena, Rabell, President of the Supreme Court of P.R., and Com. of P.R.

## OPINION AND ORDER

PIERAS, District Judge.

The Court has before it defendants' motions to dismiss based on judicial and eleventh amendment immunity. After a careful review of the record in this case, we grant defendants' motions and dismiss the case.

We note from the outset that according to well-settled law, the allegations of a pro se plaintiff's complaint should be generally taken as true for purposes of a motion to dismiss, and the complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. *Hughes v. Rowe*, 449 U.S. 5, 10, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980).

The plaintiff's complaint alleges violations of substantive and due process rights under the United States Constitution and violations of 42 U.S.C. § 1983. The cause of action arises out of a series of events related to plaintiff's failure to pay child support.[1] On June 29, 1989, plaintiff was arrested and imprisoned for contempt for failure to obey a court order to pay child support. At the time, plaintiff was forty-three months in arrears. After the Superior Court entered judgment holding Font liable for the arrears in child support, he appealed to the Commonwealth Supreme Court, alleging violations of his constitutional rights. The appeal was denied, based on the fact that no substantive constitutional claim was present. A reconsideration was also denied on November 30, 1989.

The complaint in this case alleges that Superior Court Judge Benigno Dapena Yordán failed to deem as admitted by the defendants certain requests for admissions made by the plaintiff and that the same judge failed to eliminate certain answers filed outside the prescribed time period, thus violating Rules 36 and 34.2(b) of the Puerto Rico Rules of Civil Procedure. The plaintiff further contends that he attempted to have Judge Dapena recuse himself, alleging bias, but the motion was denied. The decision against recusal was appealed to Judge Cordero Rabell, another named defendant, and was denied. Plaintiff filed a motion for reconsideration, which was also denied.

The complaint goes on to state that the Supreme Court of Puerto Rico has been negligent, has violated the equal protection clause and plaintiff's rights to a fair trial and due process of law. Also, plaintiff has served summons on Supreme Court Justice Victor Pons, although he was not named as a defendant. We infer that plaintiff's attempt to serve the Justice stems from the Supreme Court's denial of plaintiff's appeal. Further allegations in the complaint name Hilda Albandoz, plaintiff's ex-wife, Domingo Ríos Román, her attorney, Irma Rodriguez and Doel Vázquez, none of whom have been served. Albandoz and Rios are accused of conspiring to defraud and deprive plaintiff of his property in lieu of child support payments; in addition, plaintiff claims Albandoz falsely testified at the June 29, 1989, hearing. Plaintiff requests $4,000,000.00 in damages.

From a perusal of the case, it appears that this is essentially a request for this court to review the proceedings and judicial actions taken in relation to the child support payments the plaintiff was to make. We agree with defendants Dapena and Pons that the actions committed by them fall within the scope of absolute immunity from liability for damages in section 1983 cases. We further conclude that the other named judicial defendants are absolutely immune from suit, and that the Commonwealth is also immune from this Section

---

1. The plaintiff has filed two similar actions in this District, arising out of the same set of facts. Both of these cases have been dismissed. *See*

Docket Entry # 28, Civil No. 90–1960 (HL); Docket Entry # ——, Civ. No. 91–1187 (JAF).

1983 suit. Also, because the other private defendants have not been properly served, we dismiss the complaint as to those defendants.

## I. ABSOLUTE IMMUNITY

 The Supreme Court, in concluding that absolute immunity from damages applies to judges in section 1983 cases, has stated that few doctrines are as well established in common law as the immunity of judges from liability for damages for acts committed "within their judicial jurisdiction...." *Pierson v. Ray*, 386 U.S. 547, 553–54, 87 S.Ct. 1213, 1217–18, 18 L.Ed.2d 288 (1967), *overl'd on other grds, Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). In reaching this conclusion, the Court explained that the purpose of absolute judicial immunity is to ensure that a judge does not "fear that unsatisfied litigants may hound him with litigation charging malice or corruption." *Id.* The Court has further elaborated on the doctrine of absolute judicial immunity and the meaning of judicial jurisdiction by explaining that the scope of the judge's jurisdiction must be "construed broadly where the issue is the immunity of the judge. A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Thus, the Supreme Court concluded that the judge of an Indiana state court of general jurisdiction was immune from damages in a federal court action arising from the judge's approval of a mother's petition to have her minor daughter sterilized, even though the judge's action was not specifically authorized by statute, and the exercise of the judge's authority was flawed by serious procedural errors.[2]

Given the Supreme Court's broad construction of the "judicial jurisdiction", we are compelled to conclude that all of the named judicial defendants in this case are absolutely immune from suit as their acts clearly fall within their judicial jurisdiction. Judge Dapena's act of denying the plaintiff's request to deem as admissions plaintiff's requests for admissions, pursuant to Rule 33 of the Puerto Rico Rules of Civil Procedure, as well as the act of not proceeding to order that certain answers be eliminated and that summary judgment be entered, and his decision not to recuse himself, all come within the realm of judicial jurisdiction—these are clearly the type of judicial acts which judges are expected to rule on daily. The same applies to defendant Cordero Rabell for his decision to deny plaintiff's appeal, and to defendant Victor Pons, Chief Justice of the Supreme Court of Puerto Rico, for his actions related to the denial of plaintiff's appeal to the Supreme Court.

## II. ELEVENTH AMENDMENT IMMUNITY

 Moreover, we note that the Commonwealth of Puerto Rico, another named defendant, is immune from liability in this case. It is well settled that neither a state nor a state agency may be sued directly, in its own name, for damages or for declaratory and injunctive relief, in federal court because of the Eleventh Amendment. *Pennhurst State School v. Halderman*, 465 U.S. 89, 98, 104 S.Ct. 900, 906–07, 79 L.Ed.2d 67, 77 (1984). Also, the Commonwealth is immune from damages in this case since it cannot be considered a "person" within the meaning of 42 U.S.C. § 1983. *See González Castro v. Commonwealth of Puerto Rico*, DCO 90–032 at 87–88 (D.P.R.1990) (citing, *inter alia, Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14, 105 S.Ct. 3099, 3106 n. 14, 87 L.Ed.2d 114 (1985)).

Therefore, the complaint must be dismissed as to all the state defendants.

---

**2.** The mother's petition requesting sterilization was not given a docket number, was not placed on file in the clerk's office, and was approved in an ex parte proceeding without notice to the minor, without a hearing, and without the appointment of a guardian ad litem.

## III. REMAINING DEFENDANTS

A review of the record reveals that although the complaint was filed in September of 1990, none of the defendants, aside from the state defendants, have been served. Therefore, pursuant to Rule 4(j) of the Federal Rules of Civil Procedure, the complaint is DISMISSED as to these defendants.[3]

## IV. CONCLUSION

Wherefore, in view of the foregoing, plaintiff's complaint is hereby DISMISSED. Judgment shall be entered accordingly.

IT IS SO ORDERED.

---

**3.** We note that even if these named defendants had been properly served, the Court would have lacked jurisdiction over them, as an essential element of the section 1983 case—state action—is not present in this case. In order to sustain a section 1983 cause of action, the plaintiff must plead and prove that the conduct of the defendants was carried out "under color" of state law, so that the conduct is fairly attributable to the state. *See, e.g., West v. Atkins*, 487 U.S. 42, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). As the Court found in one of the cases related to this case, *see* Opinion and Order, Docket Entry # 28, at 5, Civil No. 90–1969 (HL), the fact that these defendants may have conspired together as private actors cannot possibly create any type of conduct constituting "state action."