985 F.2d 984
 John H. ISAKSON; Caroline Isakson; John D. Isakson;
Elizabeth Isakson, Appellants,
v.
FIRST NATIONAL BANK, SIOUX FALLS; Alcester State Bank;
Robert A. Miller, an individual; Jay H. Tapken, an
individual; Robert E. Hayes, an individual; Davenport &
Evans; A. Thomas Pokela, an individual, Appellees.
 No. 92-3457.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Feb. 10, 1993.
Decided Feb. 16, 1993.
Rehearing Denied March 22, 1993.
 
 Appellants pro se.
 Roberto A. Lange, Sioux Falls, SD, for appellees First Nat. Bank, Robert E. Hayes and Davenport, Evans, Hurwitz and Smith.
 A. Thomas Pokela, Sioux Falls, SD, for appellees Bank of Alcester and A. Thomas Pokela.
 Frank Geaghan, Asst. Atty. Gen., Pierre, SD, for appellees Robert A. Miller and Jay H. Tapke.
 Before BOWMAN, MAGILL and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 John H., Caroline, John D., and Elizabeth Isakson appeal the district court's[1] dismissal of their 42 U.S.C. § 1983 complaint alleging that their rights were violated by defendants' "conspiracy, deceit and collusion" to foreclose on their property in state court, and the district court's imposition of sanctions. We affirm.
 
 
 2
 First National Bank in Sioux Falls and Alcester State Bank, through their attorneys Robert A. Hayes of Davenport, Evans, Hurwitz & Smith (Davenport), and A. Thomas Pokela, instigated foreclosure proceedings in South Dakota circuit court against mortgaged property held by the Isaksons. The Isaksons attempted to remove the foreclosure action to federal court, but the district court remanded the action to state court. See First Nat'l Bank v. Isakson, Civ. No. 91-4152 (D.S.D. July 27, 1992). After Circuit Judge Jay H. Tapken ordered foreclosure of the property, the Isaksons filed an application for a writ of mandamus. The South Dakota Supreme Court, in an order signed by Chief Justice Robert A. Miller, summarily denied the application.
 
 
 3
 The Isaksons then filed this action against the banks, Hayes, Davenport, Pokela, Judge Tapken, and Chief Justice Miller. They sought a writ of mandamus, return of the foreclosed property, an order that the banks produce certain documents concerning their corporate existence, and sanctions against the attorneys and judges who participated in the state foreclosure proceeding. The Isaksons alleged that federal law, 28 U.S.C. § 1349,[2] precluded South Dakota circuit courts from exercising jurisdiction in the foreclosure proceeding; that the attorneys representing the banks knew that the state courts did not have jurisdiction, yet they continued to prosecute the plaintiffs; that Chief Justice Miller and Judge Tapken knew they were wrongfully exercising jurisdiction; and that the bank defendants were not authorized to do business in South Dakota because they did not possess a registered trademark as required by 15 U.S.C. § 1125.[3] The district court ruled that Chief Justice Miller and Judge Tapken were entitled to judicial immunity, granted defendants' motions to dismiss, and imposed sanctions of $500 against the Isaksons under Federal Rule of Civil Procedure 11.
 
 
 4
 The Isaksons now argue, inter alia, that the district court erred by imposing sanctions and denying their motion for summary judgment, and that Chief Justice Miller and Judge Tapken are not entitled to judicial immunity because their actions exceeded their lawful authority.
 
 
 5
 This court reviews de novo a district court's dismissal of a complaint under Fed.R.Civ.P. 12(b). See Morton v. Becker, 793 F.2d 185, 187 (8th Cir.1986). Section 1349 is a limit on federal district court jurisdiction, not state court jurisdiction, and, as a result, it is wholly inapplicable. Furthermore, South Dakota circuit courts are courts of general jurisdiction. See South Dakota Constitution Article V, § 5. We conclude, therefore, that the Isaksons have failed to allege any facts that, if accepted as true, would suggest that the South Dakota courts improperly exercised jurisdiction in the foreclosure proceedings. Consequently, Chief Justice Miller and Judge Tapken are entitled to judicial immunity for the action they took in their judicial capacities. See Mireles v. Waco, --- U.S. ----, ----, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991) (per curiam) (judicial immunity can be overcome only if judge takes actions that are not within judge's judicial capacity or when there is complete absence of all jurisdiction).
 
 
 6
 We also conclude that the Isaksons have not stated a claim under section 1125. We agree with the district court that whether these defendants have a registered trademark is wholly extraneous to any issue in this case. Registration of a trademark is not a prerequisite to either conducting business or bringing suit in this instance, and the Isaksons have not alleged that any of the defendants wrongfully appropriated a trademark.
 
 
 7
 "To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988). We conclude that the Isaksons have failed to "allege the violation of a right secured by the Constitution and laws of the United States." The Isaksons do not claim that South Dakota foreclosure laws are unconstitutional. As previously discussed, the Isaksons erroneously contend that the circuit court lacked jurisdiction. The Isaksons, therefore, have failed to state a claim under section 1983.
 
 
 8
 We conclude that the Isaksons' other arguments on appeal are meritless, and that the district court properly dismissed their complaint.
 
 
 9
 As to the imposition of sanctions, this court applies "an abuse-of-discretion standard in reviewing all aspects of a district court's Rule 11 determination." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405, 110 S.Ct. 2447, 2461, 110 L.Ed.2d 359 (1990). "When determining whether a Rule 11 violation has occurred, a court 'must apply an "objective reasonableness" standard' ... to determine whether the pleading was frivolous, groundless, or advanced for an improper purpose." Pulaski County Republican Comm. v. Pulaski County Bd. of Election Comm'rs, 956 F.2d 172, 173 (8th Cir.1992) (citations omitted). The district court imposed sanctions because defendants were forced to respond to patently frivolous allegations and the Isaksons persisted in bringing frivolous motions. We conclude that the district court did not abuse its discretion.
 
 
 10
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable John Bailey Jones, Chief Judge, United States District Court for the District of South Dakota
 
 
 [2]
 Section 1349 provides that "district courts shall not have jurisdiction of any civil action by or against any corporation upon the ground that it was incorporated by or under an Act of Congress, unless the United States is the owner of more than one-half of its capital stock."
 
 
 [3]
 Section 1125 provides a civil right of action against persons who use false representations, including trademarks, in commerce