**In re THE PRUDENTIAL INSURANCE COMPANY OF AMERICA SALES PRACTICES LITIGATION.**

This Document Relates To all Actions.

No. 95–4704.
MDL No. 1061.

United States District Court,
D. New Jersey.

Sept. 14, 1999.

See also 148 F.3d 283.

David J. Armstrong, Dickie, McCamey & Chilcote, Pittsburgh, PA, for Michael P. Malakoff.

Allyn Z. Lite, Lite Depalma Greenberg & Rivas, LLC, Newark, NJ, Prudential Plaintiffs' Liason Counsel.

## OPINION

WALLS, District Judge.

This matter is before the Court on the objections of Michael P. Malakoff, Esq., to the Report & Recommendation of Magistrate Judge Joel A. Pisano filed July 15, 1999 ("July R & R"). Pursuant to Fed. R.Civ.P. 78 and 72 and Local Rule 72.1(c)(2), this Court considers these objections without oral argument. The Court adopts Magistrate Judge Pisano's report and dismisses Mr. Malakoff's objections.

### Factual Background

Michael P. Malakoff, Esq., represents class action representatives in two state court proceedings against Prudential Insurance Company ("Prudential"). These cases were removed to federal court, where they were assigned to Judge Wolin in the District of New Jersey by the Judicial Panel on Multi–District Litigation. In October, 1995, the District Court appointed lead counsel for a nationwide class of plaintiffs.[1]

According to Judge Wolin, Malakoff commenced "bombard[ing] the Court with paper" soon after the transfers. *See In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 962 F.Supp. 450, 479, 479 n. 14 (D.N.J.1997) (listing 24 motions filed by Mr. Malakoff). In April, 1996, Malakoff's motion to remand his cases back to their respective states' courts was denied. Eventually, Malakoff was permitted to continue as counsel for his two cases.[2] On October 28, 1996, the parties filed a final Stipulation of Settlement. The district court then issued an order conditionally certifying a national settlement class, directing issuance of class notice, enjoining overlapping litigation and scheduling a fairness hearing.

On December 3, 1996, Mr. Malakoff filed a motion to recuse Judge Wolin. In the motion, he argued that the judge had engaged in unauthorized *ex parte* communications with lead counsel, the parties, and potential fact witnesses. Two days later, Judge Wolin signed an order to show cause, returnable on December 13, 1996. On December 10, 1996, Mr. Malakoff requested that the court postpone the order to show cause hearing by more than a month. Judge Wolin denied this motion. The same day, lead counsel filed a cross motion ("December 1996 cross motion") requesting that Mr. Malakoff be sanctioned pursuant to 28 U.S.C. § 1927. Judge Wolin denied Mr. Malakoff's recusal motion and stayed the sanctions motion until further order of the court. Mr. Malakoff then filed a petition for mandamus relief which was denied by the Third Circuit without opinion on April 4, 1997.

On March 14, 1997, Mr. Malakoff filed his first motion for sanctions. In his moving papers, Mr. Malakoff argued that lead counsel's December 1996 cross motion for sanctions violated 28 U.S.C. § 1927 because it was "unreasonable" and "frivolous." On April 9, 1997, Mr. Malakoff filed another sanctions motion (his second), this time seeking to impose Rule 11 sanctions on lead counsel. On April 28, 1997, the Third Circuit granted a stay of the sanctions proceedings pending an anticipated appeal of settlement and fee issues.[3]

On November 16, 1998, lead counsel moved for an interim fee award of $48 million. Four days later, Mr. Malakoff filed papers in opposition to the request. In their reply brief, lead counsel sought Rule 11 sanctions against Mr. Malakoff for factual assertions he made in his opposition papers. In response, Mr. Malakoff served his own Rule 11 motion (his third

---

1. For a more detailed explanation of *In re Prudential,* see the July R & R at 2–8.

2. Lead counsel's motion to force Malakoff's clients to join in the Amended Consolidated Complaint was denied; Malakoff was permitted to conduct discovery; Malakoff was permitted to file separate briefs with respect to Prudential's motion to dismiss; and, Malakoff was permitted to submit motions for class certification.

3. The appeal was decided on July 23, 1998. *See* 148 F.3d 283 (3d Cir.1998).

sanctions motion). On January 4, 1999, lead counsel withdrew its Rule 11 motion, stating that it did not want to delay an ultimate resolution of all of the other outstanding sanctions motions. On January 11, 1999, Mr. Malakoff filed a final sanctions motion (his fourth), this time claiming that lead counsel's reply brief of December 2, 1998, submitted in response to his motion opposing the fee request, violated § 1927. Judge Wolin referred this motion to Magistrate Judge Pisano along with the additional outstanding sanctions motions.

On July 15, 1999, Magistrate Judge Pisano recommended that, pursuant to 28 U.S.C. § 1927, sanctions be imposed against Mr. Malakoff in the sum of $100,-000 and that, pursuant to its inherent power, the court require Mr. Malakoff to attach the July R & R and a certification that he has paid the monetary sanction to any application for *pro hac vice* admission to this district (the "non-monetary penalty"). On August 2, 1998, Mr. Malakoff filed his objections ("Obj.") to the July R & R.

Mr. Malakoff argues, in opposition to Magistrate Judge Pisano's July R & R, that (1) the motion for sanctions was procedurally defective for seeking § 1927 sanctions against a law firm; (2) Mr. Malakoff's motion to recuse had a colorable basis in fact and was not filed in bad faith; and (3) Magistrate Judge Pisano failed to set out any specifically determined violations and resulting damages. He further alleges that the court imposed sanctions not authorized by § 1927 or the inherent power of the court and that these sanctions were imposed without adequate procedural protection.

### Standard of Review

Non-dispositive motions decided by a magistrate judge may only be set aside by the District Court if the "order is found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a). Conversely, dispositive motions heard by magistrate judges are subject to *de novo* review by the dis-

trict court. Fed.R.Civ.P. 72(b). Pursuant to Fed.R.Civ.P. 72(b), any party may object to a Magistrate Judge's report recommending the disposition of a such a motion within 10 days of receipt of the report. Fed.R.Civ.P. 72(b). The objections must "specifically identify the portions of the proposed filings ... to which the objection is made and the basis of such objection." Local Rule 72.1(c)(2). Local Rule 72.1(c)(2) adds that the district court "need not normally conduct a new hearing and may consider the record developed before the Magistrate Judge."

The circuits are divided as to whether the imposition of sanctions is considered a dispositive motion. *See generally Alpern v. Lieb,* 38 F.3d 933, 935 (7th Cir.1994) ("The power to award sanctions, like the power to award damages, belongs in the hands of the district court judge."); *Bennett v. General Caster Serv. of N. Gordon,* 976 F.2d 995 (6th Cir.1992) (same); *but see Maisonville v. F2 America, Inc.,* 902 F.2d 746, 747–48 (9th Cir.1990) (sanctions requested before disposition on the merits are nondispositive). While these decisions indicate that post-discovery sanctions may be dispositive under Fed.R.Civ.P. 72, *see* David A. Bell, *The Power to Award Sanctions: Does It Belong in the Hands of Magistrate Judges?,* 61 Alb. L.Rev. 433, 450–52 (1997), this Court need not resolve this issue.

■ Here, Magistrate Judge Pisano did not levy sanctions but merely filed a report recommending their imposition. Moreover, all parties have apparently acquiesced to this option. *See Lancellotti v. Fay,* 909 F.2d 15, 16 (1st Cir.1990) (subjecting recommended sanctions to *de novo* review); *Plante v. Fleet National Bank,* 978 F.Supp. 59, 64 (D.R.I.1997) (concluding that report and recommendation imposing sanctions should be reviewed *de novo*). Accordingly, this Court will apply a *de novo* standard of review to Magistrate Judge Pisano's report.

## Analysis

### A. Procedure

Under 28 U.S.C. § 1927,

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

■ Plaintiff argues that "the motion for sanctions should have been stricken because it was procedurally defective for seeking § 1927 sanctions against" a law firm because § 1927 "does not apply to law firms." Obj. at 10–11. Section 1927, however, applies to law firms as well as individual attorneys. *See Lightning Lube, Inc. v. Witco Corp.*, 144 F.R.D. 662, 669 (D.N.J.1992) (citing *Brignoli v. Balch Hardy & Scheinman, Inc.*, 735 F.Supp. 100, 102 (S.D.N.Y.1990).) Additionally, it has been clear since at least March 27, 1997, when lead counsel filed a reply brief in support of their motion for § 1927 sanctions, that lead counsel sought sanctions against Mr. Malakoff personally. Mr. Malakoff's objection that the sanctions motion is procedurally defective is meritless.

### B. The Motion to Recuse

■ The primary purpose of 28 U.S.C. § 1927 is to deter intentional and unnecessary delay. *See Zuk v. Eastern Pennsylvania Psychiatric Inst.*, 103 F.3d 294, 297 (3d Cir.1996). To impose sanctions under § 1927, a court must find (1) a multiplication of proceedings by an attorney; (2) by conduct that can be characterized as unreasonable and vexatious; with (3) a resulting increase in the cost of proceedings; and (4) bad faith or intentional misconduct. *See Williams v. Giant Eagle Markets, Inc.*, 883 F.2d 1184, 1191 (3d Cir.1989).

■ Mr. Malakoff argues that his motion to recuse the district court, which prompted lead counsel's first motion for sanctions, had a colorable basis in fact and was not filed in bad faith. Upon a review of Magistrate Judge Pisano's recommendation and Mr. Malakoff's specific objections (and supporting citations) that (1) the motion to recuse was objectively reasonable and (2) the motion was factually supported because he had never consented to *ex parte* communications, this Court concurs with Magistrate Judge Pisano's conclusion that Mr. Malakoff intentionally filed an unreasonable recusal motion.

Fed.R.Civ.P. 16(c)(9) expressly authorizes settlement conferences. Further, the Manual for Complex Litigation acknowledges that federal judges may meet separately with parties for confidential settlement conferences. Finally, the Code of Judicial Conduct for United States Judges permits separate conversations with parties with the consent of counsel who are authorized to object. This Court concludes that any reasonable attorney would have understood that Judge Wolin could permissibly engage in *ex parte* communication in a complex class action such as *In re Prudential*.

Mr. Malakoff appears to assert that even if the communication was permissible, he was among those counsel entitled to notice and an opportunity to object to the meetings. This objection cannot be sustained. The record before the Court indicates that Mr. Malakoff had consented to *ex parte* communication regarding settlement long before he filed his recusal motion. Transcript at 44–46 (December 13, 1996) (Docket No. 238). Additionally, any alleged communications between counsel and the court involved settlement of the nationwide class action, the class action "in which [Malakoff's clients] did not wish to be involved." *See* Weiss Aff. ¶ 10 (Docket No. 215); *see also* Gillers Rep. ¶ 12 (Docket No. 216) (stating that Malakoff did not have the right to consent or object to communications concerning settlement of the nationwide class action). Mr. Malakoff's contention, then, that he was entitled

to and did object to the *ex parte* contact is baseless.

Based upon the foregoing examination of Magistrate Judge Pisano's recommendation and the record before this Court, the Court concurs with Magistrate Judge Pisano's conclusions and rejects Mr. Malakoff's contention that the motion to recuse was objectively reasonable and filed in good faith.

## C. Additional Bases for Sanctions

■ The Magistrate Judge concluded that Mr. Malakoff "abused the privileges of practicing before this Court. His behavior since his arrival on the scene in this litigations has been deplorable. Examples of this conduct are numerous and ... [not] a one-time lapse in judgment." The Court thus found that "considered as a whole, his transgressions evidence a pattern of obfuscation and mean spiritedness." July R & R at 25. Mr. Malakoff counters that this conclusion is unsound and that all of his actions in the case were "the product of a zealous advocate." Obj. at 19. Pursuant to Local Rule 72.1(c)(2), the court will address Mr. Malakoff's particular objections to the judge's recommendations.

### 1. Fee Examiner

In November, 1996, lead counsel filed a verified fee petition which included a recommendation of Stephen Greenberg, Esq., the fee examiner. The record indicates that Mr. Malakoff initially approved of Mr. Greenberg's appointment; he apparently corresponded with him in early November. A few months later, Mr. Malakoff moved to have Mr. Greenberg disqualified. Judge Wolin concluded that Mr. Malakoff had waived his right to object to Mr. Greenberg's appointment. *See* Order dated February 11, 1997 (Docket No. 484). Mr. Malakoff, however, renewed his objection to the fee examiner before the Third Circuit. *See In re Prudential Ins. Co. Of*

*Am. Sales Practices Litig.*, 148 F.3d 283, 334 (3d Cir.1998). In a footnote, the court repeated Judge Wolin's conclusions that Malakoff had "misunderstood the fee examiner's role," and had advanced "hypertechnical" arguments in support of his motion for disqualification. *Id.* at 334 n. 11.

Magistrate Judge Pisano characterized Mr. Malakoff's decision to seek disqualification as "bizarre" and also criticized Mr. Malakoff's affidavit which took issue with Mr. Greenberg's conclusions. July R & R at 27. Mr. Malakoff counters that (1) his motion to disqualify Mr. Greenberg for failure to follow Rule 53 was reasonable, (2) that his affidavit filed in opposition to Mr. Greenberg's report was "accurate." Obj. at 20–21.

While Mr. Malakoff may have been entitled to object to Mr. Greenberg's ultimate conclusions, he had no basis for objecting to his appointment, and, in fact, evidence indicates that he had initially approved Mr. Greenberg's appointment. Both the district court and the Third Circuit characterized his objections to the appointment as "hyper-technical" and a review of the record supports this finding.

### 2. Courtesy Copies

Magistrate Judge Pisano indicates that Mr. Malakoff repeatedly failed to send courtesy copies of motion papers to Judge Wolin's chambers. This deficiency was specifically addressed by Judge Wolin in Mr. Malakoff's December 13, 1996 motion to recuse. Mr. Malakoff responds that he was advised of the court's desire for courtesy copies for the first time in the December, 1996 hearing and that up until that point, he had filed pursuant to the local rules and provided copies of motions to the media only upon filing. Obj. at 24.

Even if the Court were to accept Mr. Malakoff's contention that he never released motions to the press in advance of filing,[4] Mr. Malakoff should have known

---

4. Judge Wolin found that "copies of the Malakoff motion to recuse were submitted or

leaked to the press in advance of their receipt

that the media would contact Judge Wolin's chambers upon receipt of any motion papers. And, as an experienced attorney, he should have realized that the clerk's office would not deliver courtesy copies to chambers immediately. His failure to accord Judge Wolin the same respect as the media was "unacceptable" and indicates that he acted in bad faith. July R & R at 28.

### 3. Affidavits

On March 14, 1997, Mr. Malakoff filed his twenty-third affidavit. In this affidavit, he indicated that some improper *ex parte* discussion had taken place in December, 1996. Three days later, Mr. Malakoff filed his twenty-fourth affidavit. This statement was not submitted in connection with any new or pending motion. In it, Mr. Malakoff repeatedly accused Judge Wolin of catering to the interests of Prudential and lead counsel.

Magistrate Judge Pisano indicated that the twenty-fourth affidavit was for "no purpose other than to embarrass the Court" and that "the document … does nothing more than excoriate Judge Wolin." July R & R at 29. Mr. Malakoff, in his objections, claims that the twenty-third and twenty-fourth affidavits were warranted. In particular, he argues that the twenty-fourth affidavit was intended to supplement and correct the legal and factual bases for motions then pending before the District Court. Obj. at 28.

Mr. Malakoff's affidavits, however, merely restated already rejected arguments, attempted to explain his reasons for filing motions that had previously been denied, and repeated allegations of impropriety on the part of the trial judge initially presented in his failed motion to recuse. These affidavits, in the words of Magistrate Judge Pisano, "evidence no purpose other than to embarrass the Court." July R & R at 10.

by the Court." Transcript at 40 (December

### 4. Discovery Matters

Magistrate Judge Pisano pointed to two incidents where he found that Mr. Malakoff had "repeatedly rebuffed the Court's attempts to manage the litigation." First, Mr. Malakoff was unwilling to review documents in the same manner as all other counsel, and instead demanded a "keyword" search of the Prudential documents located in New York. Second, Mr. Malakoff sought to contravene an order of Judge Wolin's which directed parties seeking to present evidence at a fairness hearing to examine evidence at the movants' offices and instead demanded charts summarizing the evidence. (Orders dated January 28, February 11, and February 13, 1997). The magistrate judge concluded that "Mr. Malakoff's incessant struggle with attorneys and the Court caused colossal time delays and monumental obstacles to the orderly settlement of this action." July R & R at 30.

In his defense, Mr. Malakoff argues that he traveled to New York to conduct discovery and only requested a "keyword" search when he saw the volume of materials at the document depositary. Obj. at 19. He adds that his motion to compel production of the charts was only made after lead counsel refused his request to fax them to him at his own expense. Obj. at 27.

Mr. Malakoff's actions demonstrate a failure on his part to abide with the discovery process agreed to by counsel and the Court in this action. That no other attorney objected to the process or sought specific concessions from the court or opposing counsel demonstrates that the procedure was unobjectionable. Mr. Malakoff's resistance to the discovery process and his attempts to exempt himself therefrom for his own convenience unreasonably multiplied the straightforward discovery process and delayed the ultimate settlement of the case.

13, 1996) (Docket No. 238).

### 5. Rule 11 and § 1927 Motions

On March 14, 1997, Mr. Malakoff filed a motion for § 1927 sanctions, arguing that lead counsel's December 1996, cross motion for sanctions was frivolous. (Docket No. 620). On April 9, 1997, he filed another motion, this time seeking to impose Rule 11 sanctions on lead counsel for the same cross motion. (Docket No. 677).

Magistrate Judge Pisano examined these two motions and concluded that (1) the facts, allegations, legal arguments, conclusions and prayers for relief were identical; (2) Mr. Malakoff attempted to sidestep the 21–day safe harbor provision under Rule 11; and (3) the motions "fall short of even beginning to demonstrate a legal or logical rationale for imposing sanctions" and, instead, read like an opposition brief to lead counsel's December 1996 cross motion.

Mr. Malakoff's objections to these conclusions fail to explain why his two motions were identical, although they each require different showings of proof. This abuse of the sanctions process is inexcusable. He also neglects to address why the two motions only refute lead counsel's December 1996 cross motion and do not advance a coherent legal argument as to why lead counsel should be sanctioned. Obj. at 27. The Court is left to conclude that Mr. Malakoff had and has no affirmative case to sanction lead counsel.

Mr. Malakoff does attempt to address Magistrate Judge Pisano's conclusion that he tried to sidestep the twenty-one day safe harbor provision of Rule 11. Fed. R.Civ.P. 11(c)(1)(A). The safe harbor provision permits an attorney to withdraw papers after he or she learns that they have become the subject of a Rule 11 motion. Mr. Malakoff, however, while he technically complied with the rule, essentially negated lead counsel's option to withdraw the December 1996 cross motion by filing an identical sanctions motion under § 1927. Thus, whether or not lead counsel withdrew its December 1996 cross motion, it was still potentially liable for its filing by virtue of the identical § 1927 motion already filed by Mr. Malakoff.

Admittedly, "whether or not Class Counsel withdrew their offending papers, Mr. Malakoff was entitled to pursue his § 1927 motion." Obj. at 28. Mr. Malakoff was not, however, entitled to cut-and-paste his Rule 11 motion and transform it into a § 1927 motion when, as he admits, "these two sanctions are not identical." Obj. At 28. Upon a review of Mr. Malakoff's sanctions motions and the record developed by Magistrate Judge Pisano, the Court concludes that these identical motions were baseless and filed in bad faith.

### 6. Conclusion

This Court adopts Magistrate Judge Pisano's conclusion that "it is clear that, after viewing his entire course of conduct over more than three years before this Court, Mr. Malakoff takes an impracticable, hyper-technical, and unreasonable approach to litigation." When viewed in their entirety, the actions serving as additional bases for sanctions "demonstrate that he was objectively unreasonable; his conduct also shows evidence of vexatious litigation tactics and bad faith." July R & R at 32.

### D. Monetary Sanctions Imposed Pursuant to 28 U.S.C. § 1927

#### 1. Due Process

Attorneys who may be sanctioned are entitled to particularized notice and an opportunity to be heard. *See Fellheimer, Eichen & Braverman v. Charter Tech.,* 57 F.3d 1215, 1224–26 (3d Cir.1995); *Simmerman v. Corino,* 27 F.3d 58, 64 (3d Cir. 1994). Mr. Malakoff contends that he was not afforded an adequate opportunity to be heard. Obj. at 33 n. 10.

A review of the record, however, illustrates that Mr. Malakoff was given sufficient opportunity to defend his conduct. *See* July R & R at 24 (detailing the process followed by the court).

## 2. $100,000 Payment to Lead Counsel

"In order to justify sanctions pursuant to either the court's inherent authority or § 1927, detailed factual findings are necessary." *See Burgos v. Murphy,* 692 F.Supp. 1571, 1578 (S.D.N.Y.1988). Mr. Malakoff argues that Magistrate Judge Pisano failed to "make specific findings of fact as to the conduct constituting the violation" and that the "Magistrate Judge's report is in error because it fails to demonstrate that Class Counsel incurred 'excess costs' by reason of unreasonable and vexatious conduct of Mr. Malakoff." Obj. at 31.

■ The Court finds that Magistrate Judge's 36–page report presents detailed findings of fact of the sanctionable conduct of Mr. Malakoff. The report, however, fails to identify the actual fees and costs attributable to the sanctionable conduct. *See generally Browning v. Kramer,* 931 F.2d 340, 345 (5th Cir.1991). While Magistrate Judge Pisano correctly concluded that since the award of fees in December, 1998, lead counsel "has expended significant resources in an effort to obtain sanctions from Mr. Malakoff and in responding to his frivolous arguments," the report does not identify the actual fees and costs attributable to lead counsel's efforts. Further, the magistrate judge also concluded that the interim fee award paid by Prudential "fails to strike appropriately at the source of many of the litigation hours expended" but did not detail the amount of the shortfall that should be paid by Mr. Malakoff for his sanctionable conduct pre-December, 1998.

The Court recognizes that the $100,000 fee award probably "falls short of the value of work [Mr. Malakoff] caused for Class Counsel," but it also recognizes that payments under § 1927 are limited to "excess costs, expenses and attorney's fees reasonably incurred." For this reason, the Court requests that Magistrate Judge Pisano determine the excess fees and costs attributable to Mr. Malakoff's sanctionable conduct identified in the July R & R and

submit a supplementary report addressing this issue. After review of that report, the Court will determine the monetary sanction to be imposed upon Mr. Malakoff; payment of such to be due immediately.

## E. Sanctions under the Court's Inherent Power

### 1. Particularized Notice

■ Attorneys who may be sanctioned are entitled to particularized notice of the fact that sanctions are under consideration, of the reasons why sanctions are under consideration and of the form of sanctions under consideration. *See Fellheimer, Eichen & Braverman v. Charter Technologies,* 57 F.3d 1215, 1224–26 (3d Cir.1995); *Simmerman v. Corino,* 27 F.3d 58, 64 (3d Cir.1994). Mr. Malakoff argues that his right to particularized notice was violated because he had no notice that Magistrate Judge Pisano would recommend sanctioning him pursuant to the inherent powers of the Court.

■ Where the attorney has "sufficient advance notice of exactly which conduct was alleged to be sanctionable" and the basis for imposing sanctions stems from this conduct, a court may impose sanctions under its inherent power even where the attorney was not given notice that these powers may be invoked. *See Fellheimer,* 57 F.3d at 1224. Sufficient advance notice, in this case, was given when Mr. Malakoff received the December 1996 cross motion seeking § 1927 sanctions. A survey of the competing sanctions motions filed over the course of the Prudential litigation further indicates that Mr. Malakoff was "on notice to the particular factors that [he had to] address if [he were to] avoid sanctions." *See id.* at 1226. Additionally, the recommended imposition of the non-monetary sanction was based on the identical conduct that led to the recommended imposition of § 1927 sanctions-Mr. Malakoff's unreasonable and vexatious multiplication of the Prudential proceedings. 28 U.S.C. § 1927. The Court con-

cludes that the notice requirement was satisfied.

## 2. The Non–Monetary Sanction

 A district court has inherent power to sanction attorneys beyond the sanctioning schemes set forth in § 1927 and Rule 11. *See generally Chambers v. NASCO,* 501 U.S. 32, 46–51, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). These powers include the ability to discipline attorneys, to disqualify attorneys and to control admission to the bar. *See In re Tutu Wells Contamination Litig.,* 120 F.3d 368, 378–79. The Court finds that it has the power to impose the recommended non-monetary sanction.

The Court, however, remains hopeful that Mr. Malakoff can and will change his habits. Magistrate Judge Pisano's recommended non-monetary sanction that he submit the July R & R and proof of payment with any *pro hac vice* admission is limited to a five-year period, commencing on the date that Mr. Malakoff next applies for admission to this district. If, however, Mr. Malakoff is sanctioned again within this five-year period, Magistrate Judge Pisano's original recommendation will take effect and the non-monetary sanction will become permanent.

### Conclusion

As stated, the Court adopts, in part, the July 13, 1999 Report & Recommendation of Magistrate Judge Pisano. The amount of the monetary sanction imposed pursuant to 28 U.S.C. § 1927 is to be recommended to the Court by the magistrate judge. Further, the non-monetary sanction imposed under the Court's inherent power is limited to a five-year period, subject to the condition that Mr. Malakoff avoid the imposition of further sanctions during that time.

### ORDER

This matter is before the Court on the objections of Michael P. Malakoff, Esq., to the Report & Recommendation of Magistrate Judge Joel A. Pisano filed July 15, 1999. Upon consideration of the submissions of the parties and for the reasons stated in the accompanying opinion,

It is on this 14th day of September, 1999:

ORDERED that the Court adopts, in part, the July 13, 1999 Report & Recommendation of Magistrate Judge Pisano; and it is

ORDERED that the amount of the monetary sanction imposed pursuant to 28 U.S.C. § 1927 is to be recommended by the magistrate judge; further, it is

ORDERED that the non-monetary sanction imposed under the Court's inherent power is limited to a five-year period commencing on the date Mr. Malakoff next applies for *pro hac vice* admission to this district, subject to the condition that Mr. Malakoff avoid the imposition of further sanctions during that time.