### In re CENDANT CORPORATION DERIVATIVE ACTION LITIGATION

No. 98CV1998.

United States District Court, D. New Jersey.

May 12, 2000.

Bruce Gerstein, Garwin, Bronzaft, Gerstein & Fisher, New York City.

Jeffrey Smith, DeCotiis, Fitzpatrick & Gluck, Teaneck.

Stephen Greenberg, Stern & Greenberg, Roseland, NJ.

Steven Radin, Sills, Cummis, Radin, Tischman, Epstein & Gross, Newark, NJ.

Richard Schaeffer, Dornbaum, Mensch, Mandelstam & Schaeffer, New York City.

## OPINION

WALLS, District Judge.

Defendants E. Kirk Shelton; Henry Silverman, Martin Edelman, John Snodgrass, James Buckman, Michael Monaco, Stephen Holmes, Robert Kunisch and E. John Rosenwald, Jr. (the "HFS defendants"); and Bartlett Burnap, T. Barnes Donnelley, Walter Forbes, Christopher McLeod, Burton Perfit, Stanley Rumbough, Jr., and Robert Tucker (the "CUC defendants") move for sanctions against plaintiff Martin Deutch; Brett Cebulash, the signer of the motion papers; and all other attorneys whose names appear for plaintiff on the motion papers. *See* HFS Brf. at 15. For the reasons stated, the Court concludes that the motion for summary judgment filed in the Cendant derivative action violated Federal Rule of Civil Procedure 11(b).

### Rule 11

Sanctions are appropriate under Federal Rule of Civil Procedure 11 if the court determines that subdivision (b) of the Rule has been violated. Fed.R.Civ.P. 11(c) ("Rule 11"). Under subdivision (b), an attorney must certify that "to the best of [the attorney's] knowledge ... formed after an inquiry reasonable under the circumstances":

(1) papers submitted to the court are not "being presented for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation;"

(2) "the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension of, modification, or reversal of existing law or the establishment of new law;"

(3) "the allegations and other factual contentions have evidentiary support ...; and"

(4) "the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief." Rule 11(b)(1)-(4).

### Standard

■ Courts must apply an objective standard of "reasonableness under the circumstances." *Ford Motor Co. v. Summit Motor Prods. Inc.*, 930 F.2d 277, 289 (3d Cir.1991). Thus, this Court "must determine whether a competent attorney who conducted a reasonable investigation into the facts and law pertinent to the case would have determined that the allegations ... were well grounded in law and fact." *Watson v. City of Salem*, 934 F.Supp. 643, 663 (D.N.J.1995); *see also Bensalem Township v. Intl. Surplus Lines Ins. Co.*, 38 F.3d 1303, 1314 (3d Cir.1994) ("Rule [11] imposes an affirmative duty on the parties to conduct a reasonable inquiry into the applicable law and facts prior to filing") (citing cases); *Cohen v. Kurtzman*, 45 F.Supp.2d 423 436 (D.N.J.1999) ("Rule 11 places a duty on the signer of a document to 'make an inquiry into both the facts and the law which is reasonable under the circumstances'"). Further, "[n]o proof of subjective bad faith is required to levy sanctions." *Cohen*, 45 F.Supp.2d at 436 (citing cases). Moreover, the Rule does not recognize a "pure heart and empty head" defense. *See Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 482 (3d Cir.1987) (stating that subjective good faith is not a defense).

■ Moving counsel's duty under Rule 11 is counterbalanced by the concept that Rule 11 sanctions are appropriate "only in the 'exceptional circumstance' where a claim or motion is patently unmeritorious or frivolous." *Ford Motor Co.*, 930 F.2d at 289–90; *Shepherdson v. Nigro*, 179 F.R.D. 150, 152–53 (E.D.Pa.1998). Courts, therefore, have denied sanctions where the law and facts, even if not adopted by the court, are ambiguous and could be reasonably interpreted in more than one way. *See generally Ford Motor*, 930 F.2d at 289–90.

Further, sanctions cannot be applied as a penalty against a losing party merely for losing: "[L]itigants misuse the Rule when sanctions are sought against a party or counsel whose only sin was being on the unsuccessful side of a ruling or judgment." *Princeton Economics Group v. AT & T,* 768 F.Supp. 1101, 1116 (D.N.J.1991) (quoting *Gaiardo v. Ethyl Corp.,* 835 F.2d 479, 483 (3d Cir.1987)); *Edberg v. Neogen Corp.,* 17 F.Supp.2d 104, 109 (D.Conn. 1998) ("Rule 11 should never be used as a litigation tactic for intimidating opposing counsel from asserting a meritorious position.").

### Analysis

#### 1. Improper Purpose Rule 11(b)(1)

Under Rule 11(b)(1), papers should not be submitted "for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation." Plaintiff here filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(c). Rule 56 states that summary judgment shall be granted if the moving party establishes "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The Court previously determined, and now reaffirms, that genuine issues of material fact exist as to whether: "(1) individual defendants reasonably relied on their auditors; (2) they had a good faith belief that expertised and unexpertised portions of financial statements were accurate when issued; (3) certain officers and directors reasonably relied on reports of subordinates; and (4) access provided by CUC to HFS pre-merger was accurately reported in the Registration Statement." *In re Cendant Corp. Derivative Action Litig.,* 96 F.Supp.2d 394, 403 (D.N.J. 2000). As expressed at oral argument, the Court cannot imagine any attorney, experienced or fresh out of law school, reasonably expecting to win this summary judgment motion, even partially. Plaintiff had not a "ghost of a chance" for success. Plaintiff need-

lessly wasted the time of his adversaries— and that of the Court. It readily follows that the bringing of this motion caused unnecessary delay and increase in the cost of litigation.

Moreover, plaintiff admits that his principal reason for filing the motion for summary judgment was to protect Cendant's "vital rights" in the proposed settlement. Pl. Brf. at 4. Plaintiff contends that the settlement is an "immediate threat to the viability (and value) of the derivative claims upheld by this Court [and] it is Plaintiff's obligation to ensure that these claims are not improperly extinguished." Pl. Brf. at 4.

■ The Court finds that plaintiff's desire to bring issues in the class action settlement to the court's attention is an objectively "improper" use of a motion for summary judgment. Summary judgment motions are to be brought only when a reasonable attorney would determine that no material facts are in dispute. Here "a competent attorney who conducted a reasonable investigation into the facts and law pertinent to the case" would have concluded that key facts related to Section 11 liability and contribution remain disputed even after the filing of the complaint in the Ernst & Young action. *Watson v. City of Salem,* 934 F.Supp. 643, 663 (D.N.J.1995).

#### 2. Claims and Defenses Rule 11(b)(2)

Paragraph two of subdivision (b) states that "the claims, defenses, and other legal contentions" must be "warranted by existing law or by a nonfrivolous argument for the extension of, modification, or reversal of existing law or the establishment of new law." The Court finds that plaintiff violated this section.

First, as said, the action was improperly filed as a summary judgment motion. This motion was unwarranted by "existing [procedural] law." Rule 11(b)(2). Further, to read Rule 56 to allow a back-door challenge to settlement via a motion for summary judgment would result in an un-

precedented and unwarranted "extension of, modification, or reversal" of the Rules of Civil Procedure. *Id.*

■ Second, plaintiff attempted to piggy-back a cause of action which arose in early–2000 onto a complaint which addressed events that occurred in April 1998. *See* 96 F.Supp.2d at 398. Plaintiff cannot use his present complaint, now two years old, to challenge the recent settlement. To repeat:

> No mention is made [in the complaint] of Cendant's recent announcement of the proposed settlement or facts related to its decision to settle. The present complaint references Cendant's potential class action liability merely to illustrate the depth of the individual defendants' alleged breaches of fiduciary duty.... The Court cannot read into the complaint causes of action linked to events which occurred two years after the alleged injury to Cendant.

*Id.* at 398–99.

Third, through the motion "[p]laintiff essentially accuses the present Cendant board of breaching its duty to the company by entering into an illegal settlement, harmful to the company." 96 F.Supp.2d at 399. The motion and the underlying complaint, however, do not seek to recover from the present board for its decision to settle. Instead, plaintiff holds former Cendant board members, many of whom departed the board long before the settlement, responsible for the allegedly "illegal" settlement. At 399 n. 3.

> 3. "[T]he allegations and other factual contentions have evidentiary support"Rule 11(b)(3) & "[T]he denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief"Rule 11(b)(4).

The Court finds that plaintiff also violated the last two parts of Rule 11(b). Plaintiff bases a majority of the substantive allegations in his motion on the complaint filed by the HFS defendants in their action against Ernst & Young ("E & Y"). This complaint did not irrefutably resolve factual disputes regarding Section 11 liability. *See* Rule 11(b)(4) ("denials of factual contentions [must be] warranted on the evidence"). Moreover, after review of the moving papers, the Court concludes that none of plaintiff's "allegations and other factual contentions" based on the HFS complaint provided any "evidentiary support" for plaintiff's allegations of Section 11 violations by the CUC directors and E. Kirk Shelton. *See* Rule 11(b)(3). These directors are not involved in the HFS/E & Y action. Plaintiff as much as concedes that the CUC directors were improperly linked to the HFS complaint in his moving papers. Pl. Brf. at 28 (stating that motion contained "obvious and unintentional errors" where "counsel accidently used the designation 'Individual Defendants' instead of the 'HFS Defendants.'").

Additionally, the Court finds unsupportable plaintiff's repeated contention that the HFS defendants will contribute "nothing" to the settlement. That claim appears to have been made with complete disregard to the structure of the settlement, which requires 50% of any recovery by these defendants against E & Y to be paid to the company.

### Nature and Extent of Sanctions

■ The Court has discretion to determine the form of sanction. The sanction imposed, however, should not exceed "what is sufficient to deter repetition of such conduct." Fed.R.Civ.P. 11(c)(2). Further, "[m]onetary sanctions may not be awarded against a represented party for a violation of subdivision (b)(2)." Rule 11(c)(2)(A). In assessing the appropriateness of levying monetary sanctions, as opposed to a simple reprimand, courts within this circuit have considered: (1) the willfulness of counsel's conduct; (2) whether the conduct was part of a pattern; (3) whether counsel engaged in past similar conduct; (4) whether the conduct was intended to injure; (5) what effect the conduct had on

the time or expense of litigation; and (6) the type of sanction sufficient to deter a repetition of such conduct. *Shepherdson v. Nigro,* 179 F.R.D. 150, 153 (E.D.Pa. 1998).

The Court defers determining the nature and extent of sanctions to be imposed. Within 15 days from the date of this Order defendants should submit detailed reports of fees and expenses incurred in defending the motion for summary judgment. *See* Rule 11(c)(2); *see also* 15 U.S.C. § 77z–1(c)(3).

### 28 U.S.C. § 1927

 The HFS defendants also move for sanctions under 28 U.S.C. § 1927:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

The primary purpose of 28 U.S.C. § 1927 is to deter intentional and unnecessary delay. *See In re Prudential Ins. Co. of America Sales Prac. Litig.,* 63 F.Supp.2d 516, 520 (D.N.J.1999) (citing *Zuk v. Eastern Pa. Psychiatric Inst.,* 103 F.3d 294, 297 (3d Cir.1996)). To impose sanctions under § 1927, a court must find (1) a multiplication of proceedings by an attorney; (2) by conduct that can be characterized as unreasonable and vexatious; with (3) a resulting increase in the cost of proceedings; and (4) bad faith or intentional misconduct. *See id.* (citing *Williams v. Giant Eagle Markets, Inc.,* 883 F.2d 1184, 1191 (3d Cir.1989)).

The Court declines to sanction plaintiff and/or counsel under this statute. There has been no established "pattern" of abuses to indicate a "serious and studied disregard for the orderly process of justice." *Williams,* 883 F.2d at 1191. And, clear evidence of malicious intent is lacking.

### Conclusion

Defendants' motions for sanctions under Federal Rule of Civil Procedure 11 are granted. Within 15 days of this Order, defendants are to submit evidence of reasonable fees and costs incurred to defend against plaintiff's motion for summary judgment.